UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
EZRIEL SCHWARTZ,
    Plaintiff,
vs.

JPMORGAN CHASE NA and
CULLEN AND DYKMAN LLP
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,
    Defendants.
----------------------------------------x

COMPLAINT **09 CIV. 9132**

Plaintiff Demands A
Trial by Jury

**JUDGE ROBINSON**

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual for Defendants' joint, several and repeated violations of the Gramm-Leach-Bliley Act, 15 USC 6801 et seq. (GLBA); New York General Business Law §349 (hereinafter "GBL 349"), New York General Business Law § 399-dd (hereinafter "GBL 399-dd"), Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*; and defamation; invasion of privacy; and infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of Federal law. Defendants violated the provisions of the GLBA and New York General Business Law §349 (hereinafter "GBL 349"), New York General Business Law § 399-dd (hereinafter "GBL 399-dd") defamation; invasion of privacy; and infliction of emotional distress. In addition, Defendant Cullen & Dykman violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA").

3. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Plaintiff resides here, Defendants transact business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, EZRIEL SCHWARTZ, is natural person residing at 208 Bates Drive, Monsey, New York, Rockland County and is a consumer as defined by the GLBA and the FDCPA.

5. Defendant, JPMORGAN CHASE NA, is a bank doing business at 270 Park Ave. New York, NY 10017, and is a financial institution as defined by the GLBA.

6. Defendant, Cullen and Dykman is a collections firm doing business at 100 Quentin Roosevelt Blvd, 4th Floor, Garden City, NY 11530 and is a debt collector as defined by the FDCPA.

7. John Does are various employees of Defendant JPMORGAN CHASE NA and CULLEN AND DYKMAN LLP, PC whose identity is unknown to Plaintiffs at this time but when their identity is discovered, the complaint may be amended to include them as party Defendants.

## FACTUAL ALLEGATIONS

8. The Plaintiff holds an account with the Defendant JPMorgan Chase. Said account was primarily used for household and/or consumer use.

9. Defendants have alleged that Plaintiff is in breach of his agreement to pay.

10. Defendants did file a lawsuit against Plaintiff in Nassau County to collect a debt, despite the fact that Plaintiff resides in Rockland County, New York.

11. Defendants did attempt to serve process of a summons and complaint and exhibits alleging a breach of contract on said account. Defendants did leave a copy of the summons and

complaint and exhibits in Kings County taped across from the public elevator outside on a door at 121 Wilson Street, Brooklyn, NY. Included with the summons and complaint was Plaintiff's entire full credit application containing Plaintiff's complete Social Security Number without redaction and other important private information.

12. The summons and complaint and exhibits containing Plaintiffs complete Social Security Number and other personal information has become a public document and Defendants have made the Plaintiff's private, sensitive and personal nonpublic information available to any and all persons.

13. The summons and complaint and exhibits presents the Plaintiff's full and complete legal name and social security number for the whole world to see. Substantial personal and private data is revealed for an identity thief to hijack the Plaintiff's identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), and Business/Commercial Identity Theft (using another's business name to obtain credit) and Medical Identity Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

14. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. 3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act.

15. The Defendants are sophisticated financial Defendantss with knowledge of the law, rules

and procedure. Defendant has an obligation to comply with all applicable rules and statutes when filing complaints and participating in the legal process.

16. The Defendants intentionally communicated or otherwise make available to the general public the personal, sensitive and private data of the Plaintiff in direct violation of standard of care set by The Gramm-Leach-Bliley Act, 15 USC 6801 et seq., the E-Government Act of 2002, 44 U.S.C. 3500, et seq., GBL 399-dd and others.

### COURT RECOGNITION OF PRIVACY CONCERNS

17. Both Congress and other circuits and the State of New York have discussed the significant privacy concerns surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refuse to release their SSNs. Privacy Act of 1974, Pub.L. 93-579, ' 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. ' 552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

18. Other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). Indeed, two Circuits have held that public disclosure of SSNs in files requested under the FOIA constituted a clearly

unwarranted invasion of personal privacy under exemption 6. See *Norwood v. FAA*, 993 F.2d 570, 575 (6th Cir.1993) (determining that redaction of SSNs from FOIA documents necessary to protect identities of individuals discussed in documents); *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988) (holding that redaction of social security numbers necessary because requestor failed to demonstrate any public interest in disclosure of the SSNs).

Recent statistics show that identity theft is increasing in New York. In 2004, Federal Trade Commission (FTC) statistics indicated that over 17,600 New Yorkers reported being a victim of identity theft, which is up from roughly 7,000.

19. The New York Social Security Number Protection Law (GBL 399-dd) applies to all nongovernmental bodies, including individuals, corporations, and partnerships. Generally, the legislation restricts the use and communication of Social Security numbers in order to maintain their confidentiality and make it more difficult for criminals to acquire the nine-digit number that uniquely identifies almost all Americans. The statute defines "Social Security number" as the unique number issued to citizens and residents of the United States by the federal Social Security Administration. The statutory definition also encompasses any number derived from an individual's Social Security number.

**FIRST CAUSE OF ACTION**

20. The Plaintiff realleges each foregoing paragraphs 1-19.

21. The Defendants have intentionally revealed to the general public the Plaintiff's private and sensitive data and nonpublic information in violation of Gramm-Leach-Bliley Act, 15 USC 6801 et seq.

22. Plaintiff is entitled to damages including statutory, punitive, actual and reasonable

attorney fees and costs.

## SECOND CAUSE OF ACTION:
## VIOLATION OF GRAMM-LEACH-BLILEY ACT,
## 15 U.S.C. SUBCHAPTER I, '6801-6809

23.     The plaintiff realleges each foregoing paragraph as though fully set out herein.

24.     The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information finding that it is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers nonpublic personal information. 15 U.S.C. §6801.

25.     A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. §1609(3)(A).

26.     Defendant JPMorgan Chase is in the business of engaging in financial activities by making loans to consumers.

27.     The Defendants have failed comply with and abide by their own privacy policies as required by 15 U.S.C. §6803.

28.     The Defendants have disclosed nonpublic personal information by releasing the Plaintiff's social security number and other sensitive information in a public records forum.

29.     The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security and confidentiality of the nonpublic personal information and private data of the Defendants' customers.

30.     As a result of the Defendants willful, grossly careless and direct violation of the Gramm-Leach-Bliley Act, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## THIRD CAUSE OF ACTION:

31. The plaintiff realleges each foregoing paragraph as though fully set out herein.

32. These foregoing laws and rules provided in part that personal identifiers were prohibited. The categories of information that were deemed by statute, 44 U.S.C. 3500, et seq., to be "personal identifiers" were not to be stated in pleadings or other court-filed documents, including exhibits, except as provided by the standard operating procedure.

33. By failing to redact or delete the private data, sensitive and nonpublic information of the Plaintiff, the Defendants have willfully violated the Courts' Policies and Local Rules putting the Plaintiff at risk and causing damage by making publicly available the personal data identifiers and sensitive information.

34. As a result of the Defendants willful, grossly careless and direct violation of the Court Rules, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## FOURTH CAUSE OF ACTION:
### Violation of GBL 399-dd

35. The plaintiff realleges each foregoing paragraph as though fully set out herein.

36. Disclosure of personal identifiers are prohibited. The categories of information that were deemed by the New York State which enacted General Business Law 399 dd prohibiting the disclosure of private data, sensitive and nonpublic information of the Plaintiff.

37. As a result of the Defendants willful, grossly careless and direct violation of the New York Social Security Number Protection Law (GBL 399-dd) the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## FIFTH CAUSE OF ACTION:
## INVASION OF PRIVACY

38. The plaintiff realleges each foregoing paragraph as though fully set out herein.

39. The recognition of the tort for invasion of privacy was explicitly recognized in New York and most Courts adopted the Restatement (Second) of Torts ' 652D, which covers this public disclosure of private facts:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

40. Social Security Numbers and other private nonpublic information are of no use to and not a legitimate concern of the public.

41. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, by disclosing the sensitive and personal nonpublic information.

42. Defendants intentionally and/or negligently caused harm to Plaintiff's mental and emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon Plaintiff's right to privacy.

43. Courts may award of punitive damages is in the nature of a punishment for wrongdoing and is an example, so that others may be deterred from the commission of such wrongs and the public be properly protected.

44. The Defendants gross careless conduct unlawfully invaded Plaintiff's personal privacy and proximately caused Plaintiff to suffer actual damages. Defendants conduct was intentional,

reckless and willful and Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiff also seeks damages for the mental and emotional anguish and distress that has been caused by knowing that the personal identifiers, sensitive and nonpublic information and private data has been made public by the Defendant=s wanton actions.

45. As a result of the foregoing indifferent acts, the Defendants are liable to the Plaintiff for actual damages, punitive damages, legal fees and suit money.

## SIXTH CAUSE OF ACTION:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. The allegations of paragraphs 1-45 in this pleading are incorporated as if fully rewritten herein.

47. Defendant Cullen and Dykman (hereinafter C&D) are debt collectors.

48. Defendant C&D violated § 1692i(a)(2)(B) by suing Plaintiff in a venue in which Plaintiff does not reside. Plaintiff is entitled to statutory damages plus attorney fees therefore.

## SEVENTH CAUSE OF ACTION:
### DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

49. The allegations in paragraphs 1-48 in this pleading are incorporated as if fully rewritten herein.

50. As alleged therein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under state laws for those violations.

51. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under various state laws for those violations.

## EIGHTH CAUSE OF ACTION:
### INFLICTION OF EMOTIONAL DISTRESS

52. The allegations of paragraphs 1-51 in this pleading are incorporated as if fully rewritten herein.

53. This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

54. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55. During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when it knew or should have known that its actions would do so.

56. As a direct and proximate result thereof, Plaintiff was injured, continues to suffer such injury and may continue to suffer such injury in the future.

WHEREFORE, the Plaintiff prays for the following relief:

    A.    A finding that the Defendant violated the established policies, rules and orders of the Court in establishing privacy standards;

    B.    Grant an order of injunctive relief to prohibit Defendants from disclosing any parties private information so that it will be inaccessible to the general public and/or to an Order directing the Defendants to permanently remove the private information from access by the public;

    C.    Grant statutory damages against the Defendants for the intentional revelation of the Plaintiffs private data and knowingly exposing the Plaintiff to risk of identity theft;

    D.    Grant damages against the Defendant for knowingly invading the Plaintiff's right

to privacy and violating the standards set by the Gramm Leach Bliley Act;

E. Grant damages against the Defendant for the intentional and willful invasion of the Plaintiff's right to privacy;

F. Grant damages against the Defendant for the intentional or negligent infliction of emotional distress;

G. Award the Plaintiff compensatory damages and punitive damages;

H. Award attorneys fees, costs and expenses;

I. Cancel the underlying debt;

J. That the Plaintiff have such other and further relief as the Court may deem just and proper.

October 28, 2009
Spring Valley, NY

_____
Joshua N. Bleichman, Esq
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY 10977
(845) 425-2510